PER CURIAM.
Ellen Winters appeals a decision of the Unemployment Appeals Commission (“UAC”), finding her “totally employed” during a particular three-week period for which she had already received unemployment benefits. We reverse and remand.
Ellen Winters lost her job after the company she was working for filed for bankruptcy. She applied for unemployment benefits near the end of October 2001. Winters’s benefit amount was established at $275 per week. In late December 2001, *1219 Winters interviewed with First Warranty Group, a company that sells car and boat warranties over the phone. First Warranty is a part of ADP Totalsource III, Inc. Winters was offered the opportunity to train without pay with First Warranty for a position where she would ultimately work on a commission basis. Winters was not certain that she would eventually take this job as she preferred a salaried position. Winters, however, decided to begin training for the position. When Winters began her training, she was eligible to receive benefits[1] from First Warranty, but she was not entitled to any compensation, and she did not receive any from First Warranty during this period. Winters was in training for the first three weeks in January. For these weeks, ending January 12, 19, and 26, 2002, Winters still received unemployment benefits. During these three weeks, Winters’s training schedule at First Warranty was flexible. Winters states that she came into First Warranty basically from 9:00 a.m. to 5:00 p.m. on Monday through Friday, but if she needed to leave for an interview, or to send out resumes to potential employers, she was able to leave. First Warranty did not consider Winters to be employed until she made her first sale on January 81 and received a sales commission.
The Agency for Workforce Innovation determined that Winters was ineligible for benefits during the three-week period that she was training at First Warranty. The UAC referee affirmed the agency’s determination, finding that during the first three weeks in January, Winters was performing a full-time job and was “totally employed.” The referee also affirmed the agency’s determination that the $825 in unemployment benefits that Winters received during this period was an overpayment on her unemployment claim. Winters appealed this decision and the UAC affirmed. She now appeals the UAC decision.
To be entitled to unemployment benefits, a person must be unemployed. See § 443.091(1), Fla. Stat. (2002). Under section 443.036(39)(a) of the Florida Statutes, “an individual shall be deemed ‘totally unemployed’ in any week during which he or she performs no services and with respect to which no earned income is payable to him or her.”
We reject the UAC’s argument that by training, Winters provided services to First Warranty by learning her duties at the company, enabling her to be a more competent employee. Moreover, it is un-rebutted that during the first three weeks of January, Winters did not earn any income or commissions from First Warranty. While she was eligible for company benefits, nothing in the record shows whether or not Winters was actually participating in the company’s benefit program. Therefore, the evidence does not support a finding that Winters was providing services to First Warranty or earning income payable to her from First Warranty during the first three weeks of January.
Thus, pursuant to sections 443.036(39)(a) and 443.091(1) of the Florida Statutes, Winters was totally unemployed and entitled to receive unemployment benefits. Accordingly, we reverse and remand for proceedings consistent with this opinion.
REVERSED and REMANDED for further proceedings.
GUNTHER, WARNER and MAY, JJ„ concur.

. There is no record evidence regarding the nature of the benefits available, their value, or whether Winters received any of these benefits.